**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT EARL FORT, | No. 10-35752 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00335-HU |
| v. | |
| MARK NOOTH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 25, 2011[**]

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

Oregon state prisoner Robert Earl Fort appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison

officers prevented him from timely filing his own supplemental brief in his state

habeas appeal where he was represented by appointed counsel. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915(e)(2), *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005), and § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Fort's action, after providing Fort with notice of the deficiencies in his original complaint and granting leave to amend, because the facts alleged do not constitute an Eighth Amendment violation, and Fort had access to court-appointed counsel in his state habeas case. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to violate the Eighth Amendment, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities" (citation and internal quotation marks omitted)); *United States v. Wilson*, 690 F.2d 1267, 1271-72 (9th Cir. 1982) (availability of court-appointed counsel satisfies the constitutional obligation to provide meaningful access to the courts).

Fort's remaining contentions are unpersuasive.

**AFFIRMED.**